In re AMERICA ONLINE SPIN–OFF ACCOUNTS LITIGATION

Mary Duessent, et al. v. America On-line Inc., et al., C.D. California, C.A. No. 2:03-6971

Christine Snow v. AOL Time Warner, Inc., et al., N.D. California, C.A. No. 3:03-4373

No. 1581.

Judicial Panel on Multidistrict Litigation.

Feb. 27, 2004.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending, respectively, in the Central District of California and the Northern District of California. Before the Panel is a motion brought, pursuant to 28

* Judge Selya did not participate in the disposi- tion of this matter.

U.S.C. § 1407, by plaintiffs in the Central District of California action for coordinated or consolidated pretrial proceedings of these actions in that district.[1] Defendants AOL Time Warner, Inc., and America Online, Inc. (collectively AOL), and defendant ICT Group, Inc. (ICT Group), support the motion for centralized pretrial proceedings under Section 1407 in the Central District of California. Plaintiffs in the potential tag-along action in the Central District of California also support the motion, and plaintiff in the Northern District of California action does not object to the motion. Plaintiff in one of the potential tag-along actions in the Eastern District of Louisiana supports transfer, but suggests the Eastern District of Louisiana as transferee district.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Both actions name overlapping defendants and share factual questions arising from allegations that AOL created unauthorized accounts, so-called spin-off accounts, for certain AOL subscribers; charged additional subscription fees for those accounts; and conspired with ICT Group to prevent those subscribers from obtaining refunds for the unauthorized charges. Centraliza-

tion under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. As to AOL's distinction between coordination and consolidation, we leave the manner and extent of coordination or consolidation of the pretrial proceedings to the discretion of the transferee judge.

We are persuaded that the Central District of California is an appropriate transferee forum for this docket. We note that i) all plaintiffs and defendants in the two actions before the Panel acquiesce to centralization in the Central District of California; and ii) an action and a potential tag-along action are pending in that district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Central District of California is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Ronald S.W. Lew for coordinated or consolidated pretrial proceedings with the action pending in that district.

1. The parties have notified the Panel of two related actions pending in the Eastern District of Louisiana and five related actions pending, respectively, in the Central District of California, the Southern District of California, the Middle District of Florida, the District of New Jersey, and the Southern District of West Virginia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L.,

199 F.R.D. 425, 435–36 (2001). The motion before the Panel as originally filed also pertained to an action pending in the Eastern District of Washington, *Suzy Dix, et al. v. ICT Group, Inc., et al.*, E.D. Washington, C.A. No. 2:03–315. That action was remanded to state court on October 20, 2003, and accordingly, the question of Section 1407 transfer with respect to the action is moot.